IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDIS TAREL COOK, # 260034, | ) |
| Petitioner, | ) |
| v. | ) CASE NO. 2:22-cv-89-WHA-JTA |
| | ) (WO) |
| JEFFERY BALDWIN, et al., | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alabama prisoner Landis Tarel Cook has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state convictions for attempted murder and first-degree robbery. (Doc. No. 1.)[1]

## I.   INTRODUCTION

**A.   Relevant Proceedings in State Court**

On March 21, 2008, a jury in Montgomery County, Alabama found Cook guilty of attempted murder, in violation of ALA. CODE §§ 13A-4-2, 13A-6-2, and first-degree robbery, in violation of ALA. CODE § 13A-8-41. (Doc. No. 10-3 at 40.) The trial court sentenced Cook on May 29, 2008, to concurrent terms of 40 years' imprisonment. (Doc. No. 10-3 at 119.) The trial court also ordered Cook to pay more than $48,000 in restitution. (Doc. No. 10-1 at 8–9; Doc. No. 10-3 at 95–96.)

---

[1] References to documents filed in this case are designated as "Doc. No." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

Cook appealed, challenging the trial court's restitution order. (Doc. No. 10-3 at 97; Doc. No. 10-5.) On April 24, 2009, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment. (Doc. No. 10-7.) Cook did not seek rehearing or petition the Alabama Supreme Court for certiorari review. On May 13, 2009, the Alabama Court of Criminal Appeals issued a certificate of judgment. (Doc. No. 10-8.)

Cook did not seek post-conviction relief in state court by filing a petition under Rule 32 of the Alabama Rules of Criminal Procedure ("Ala. R. Crim. P. 32") or any other state application for collateral review.

**B.    Cook's Federal Petition**

On February 10, 2022,[2] Cook filed a pro se petition in this court challenging his convictions for attempted murder and first-degree robbery. (Doc. No. 1.) Because Cook used a form meant for state petitions for post-conviction relief under Ala. R. Crim. P. 32, this court told him in an order entered on March 16, 2022, that the correct vehicle for him to challenge his state convictions was a petition for writ of habeas corpus under 28 U.S.C. § 2254 and advised him, in compliance with *Castro v. United States*, 540 U.S. 375, 382–83 (2003), that the court was recharacterizing his petition, i.e., Doc. No. 1, as a § 2254 petition. (Doc. No. 4.) The order directed Cook to inform the court by April 6, 2022, whether he sought to (1) proceed under § 2254 on the claims in Doc. No. 1; or (2) amend

---

[2] Cook's petition was date-stamped as received by the court on February 22, 2022. (Doc. No. 1 at 1.) However, applying the prison mailbox rule, the court deems the petition to be filed on February 10, 2022, the date Cook says he signed the petition and delivered it to prison authorities for mailing. (Doc. No. 1 at 7–8.)

the petition to assert additional claims under § 2254; or (3) withdraw the petition.[3] (Doc. No. 4 at 1–2.) Cook was cautioned that if he failed to comply with the court's order, the case would proceed under § 2254 with the court considering only matters in Doc. No. 1. (Doc. No. 4 at 2.)

Cook did not respond to the court's March 16, 2022 order. Consequently, this case is proceeding under § 2254 with the court considering only matters in Doc. No. 1. A problem for Cook is that his claims in that document are conclusory and non-specific, with no supporting factual details. As grounds for relief, he merely checks two blanks on the Ala. R. Crim. P. 32 form with the following boilerplate language: "The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceedings, or other relief," and "The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law." (Doc. No 1 at 4, 5.) Cook never elaborated on these grounds.

Another problem for Cook is that (as Respondents contend) his § 2254 petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).[4] (*See* Doc. No. 10.) Thus, as discussed below, the court recommends that Cook's petition be denied without an evidentiary hearing and dismissed with prejudice.

---

[3] The Clerk of Court was directed to provide Cook with a form for filing a § 2254 petition.

[4] Respondents also argue that Cook's claims are unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the Alabama courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Because the petition is time-barred, the court pretermits discussion of Cook's apparent procedural default.

3

## II.  DISCUSSION

### A.  AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.  Computation of Timeliness

In most cases, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by the conclusion of direct

review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Where a petitioner appeals his conviction to the Alabama Court of Criminal Appeals but does not timely seek review in the Alabama Supreme Court, his conviction becomes final for purposes of § 2244(d)(1)(A) on the date the time for seeking that review expires. *Kister v. Jones*, 2021 WL 5411213, at *3 (N.D. Ala. Oct. 26, 2021) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 137, 150 (2012)). A timely application for rehearing filed in the Alabama Court of Criminal Appeals is a prerequisite to review in the Alabama Supreme Court. Ala. R. App. P. 39(c)(1); 40(d)(1).

  The Alabama Court of Criminal Appeals affirmed Cook's convictions in a memorandum opinion issued on April 24, 2009. Cook did not apply for rehearing in the Alabama Court of Criminal Appeals. (He did not file a petition for writ of certiorari in the Alabama Supreme Court, either.) Accordingly, Cook's conviction became final for purposes of § 2244(d)(1)(A) on the date his time for filing an application for rehearing in the Alabama Court of Criminal Appeals expired. *Kister*, 2021 WL 5411213, at *3; *Harvey v. Price*, 2018 WL 2731232, at *2 (N.D. Ala. Apr. 26, 2018). That date was 14 days after the Alabama Court of Criminal Appeals issued its April 24, 2009 memorandum opinion affirming Cook's conviction, i.e., May 8, 2009. Ala. R. App. P. 40(c). The AEDPA statute of limitations began to run on that date. Therefore, absent some effective tolling event, Cook had until May 10, 2010 (the first business day after Saturday, May 8, 2010) to file a timely petition under § 2254.

  Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitations period is tolled during the pendency of a properly filed state court petition. *See* 28 U.S.C. § 2244(d)(2).

5

However, Cook never sought post-conviction relief in state court by filing a petition under Rule 32 of the Alabama Rules of Criminal Procedure. Therefore, Cook receives no tolling benefit under § 2244(d)(2). Nor does Cook set forth facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D), i.e., he does not show that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. The court therefore is unaware of any basis to apply statutory tolling. For Cook, the AEDPA statute of limitations expired on May 10, 2010. Cook filed his § 2254 petition on February 10, 2022—making it untimely under the statute by over 11 years.

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden to establish that equitable tolling is warranted falls upon the petitioner. *Hunter*, 587 F.3d at 1308. Here, Cook makes no argument that he is entitled to equitable tolling, and

the court knows of no reason that would support tolling of the limitations period in his case. Therefore, his petition is subject to dismissal for untimeliness, and his claims are not subject to federal habeas review.[5]

### III. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Cook's 28 U.S.C. § 2254 petition be DENIED as time-barred under 28 U.S.C. § 2244(d)(1)(A) and that this case be DISMISSED with prejudice.

It is further ORDERED that, by **February 17, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-

---

[5] Notwithstanding the one-year limitations period in § 2244(d)(1)(A), it has been recognized that an untimely petition can be overcome—thereby opening the door to review—through a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). A petitioner so asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Cook does not assert that he is actually innocent.

1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of February, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE